# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NITTOLO | ) | CASE NO:   4:09-cv-2666 |
| | ) | |
| Petitioner, | ) | JUDGE GWIN |
| | ) | |
| v. | ) | MAGISTRATE VECCHIARELLI |
| | ) | |
| RODDIE RUSHING, Warden, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Michael Nittolo ("Nittolo") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 ("§ 2241") on November 13, 2009.  Nittolo is in the custody of respondent at the Northeast Ohio Correctional Center in Youngstown ("NEOCC"), Ohio pursuant to a journal entry of sentence in the case of *United States v. Nittolo*, Case No. 01-00262-001 (D.N.J. 2001).  For the reasons set forth below the magistrate judge recommends that the court deny Nittolo' petition.

I.

On December 13, 2002, the United States District Court for the District of New

Jersey sentenced Nittolo to 151 months' imprisonment for conspiracy to distribute 5 kilograms of cocaine. Sentencing transcript, Opposition, Doc. No. 21, attachment 1c, p. 31. After finding that sentencing level 34 was appropriate in Nittolo's case, the court wrote as follows:

> Because I feel that that range takes into account adequately the offense conduct, and there is no reason to believe that Mr. Nittolo has retreated from the position that he took after having taken a quite different position, and that is that he did it and he's prepared to accept his punishment, and therefore, on the adjusted offense level 34, which is where we get and which exposes Mr. Nittolo – and I am checking my guideline once again. Category 1, because he has no prior criminal history, he is at arrange [sic] of 151 to 188 months, and he will be sentenced to 151 months.
>
> I note that Mr. Nittolo is eligible able for good time credits of 15 percent, and I note that Mr. Nittolo has already served some 26 months. Or in a week or so, he will have served exactly 26 months, because he was arrested on October 20, 2000. And with reduction, should he keep all his good time credits, he's looking at additional 103 months of confinement.

*Id.* at 30-31. On December 13, 2002, the court filed a signed judgment committing Nittolo to the custody of the United States Bureau of Prisons ("BOP") for a term of imprisonment of 151 months, with "credit for time served 103 Months left to serve." Judgment in a Criminal Case, Opposition, attachment 3b, p. 2 (punctuation and capitalization in the original).

About three years after Nittolo's guilty plea and sentence, he filed a petition for habeas relief pursuant to 28 U.S.C. § 2255 ("§ 2255"), asserting that his attorney had failed to file an appeal as Nittolo had directed him to do.[1] The court found this petition to

---

[1] The instant petition is not a successive petition with respect to Nittolo's previous petition pursuant to § 2255. Section 2241 is reserved for challenges to the execution of a sentence rather than a sentence's validity. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Consequently, a petition pursuant to § 2241 attacking the execution of sentence, such as the instant petition, is not a successive petition to a petition pursuant to

be barred by the one-year limitation period in the Antiterrorism and Effective Death Penalty Act, § 2255(f). In reaching this decision, the court wrote in relevant part, "On December 13, 2002, this Court sentenced Michael Nittolo to a term of 151 months after he pleaded guilty to the charge of conspiracy to distribute in excess of 5 kilograms of cocaine, a crime that carries a statutory minimum of 10 years imprisonment." Opinion, Opposition, attachment 1d, p. 1.

On July 16, 2009, an employee of the BOP contacted the sentencing a courtroom deputy with the sentencing court to verify Nittolo's sentence. The deputy, Rose Marie Guillory, verified that the Judge intended to sentence Nittolo to 151 months' imprisonment. Alan K. Ray, Memorandum for File, July 17, 2009, Opposition, attachment 3c.

Nittolo filed the instant petition pursuant to § 2241 on November 13, 2009. According to Nittolo, after the court imposed a 151 months' sentence, it deducted time served and good time credit. The court then sentenced him, Nittolo contends, to 103 months' imprisonment from the date of his sentencing. Nittolo argues that the BOP's computation of his remaining term of imprisonment violates the expressed sentence imposed by the court because it will last more than 103 months from the date of his sentencing. Respondent replies that the court mis-estimated the amount of prior custody credit and good time credit that Nittolo had already earned, that the court was not authorized to determine prior custody credit or good time credit, and that any good time credit earned is properly calculated by the BOP from Nittolo's base sentence of

---

§ 2255, which attacks the validity of the petitioner's sentence. *See discussion at Martin v. Perez*, 319 F.3d 799, 802-04 (6th Cir. 2003).

151 months.

II

*A.  Jursidiction*

Nittolo is incarcerated in the NEOCC in Youngstown, Ohio. Nittolo filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2241:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

28 U.S.C. § 2241(a ). This court has jurisdiction over Nittolo's petition.

*B.  Exhaustion of administrative remedies*

Federal prisoners seeking habeas relief must first exhaust their administrative remedies before filing a habeas petition pursuant to § 2241. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (2006). The exhaustion requirement protects administrative agency authority and promotes efficiency. *Id.* at 232.

The parties agree that Nittolo has exhausted his administrative remedies.

III

Nittolo alleges that the BOP has incorrectly determined his projected release date. The parties agree that because Nittolo was in primary federal custody when he was sentenced, Nittolo began serving his sentence at the time it was imposed on December 13, 2002. *See* 18 U.S.C. § 3585(a).

The parties disagree, however, as to the computation and award of prior custody credit and good time credit. Nittolo agrees that the court sentenced him to 151 months'

-4-

imprisonment, but he also contends that the court awarded prior custody credit and good time credit at sentencing. According to Nittolo, this resulted in a sentence from the date of imposition of 103 months. Because the court sentenced Nittolo on December 13, 2002, by this calculation, Nittolo's sentence would expire on or about July 14, 2011. Respondent denies that the court has the authority to make any reduction in sentence for prior custody credit or good time credit and argues that the BOP's calculation that Nittolo's projected release date of October 5, 2011 is correct.

Prior custody credit is governed by 18 U.S.C. § 3585 ("§ 3585"), which provides in relevant part:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> That has not been credited against another sentence.

§ 3585(b).

In *United States v. Wilson*, 503 U.S. 329 (1992), the Supreme Court found that a district court does not have the authority to award credit for prior custody, and it reversed a Sixth Circuit opinion that had directed a district court to do so. Authority to determine credit for prior custody belongs solely to the Attorney General:

> After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when

imprisoning the defendant.

*Wilson*, 503 U.S. at 335.  *See also United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("[A] district court does not have jurisdiction to apply credit against a sentence under section 3585(b).  Rather, the Attorney General, through the Bureau of Prisons, is to make that determination.").

Similarly, authority to calculate and award good time credit is vested solely in the BOP.  Title 18 U.S.C. § 3624("§ 3624") reads in relevant part:

> **(b) Credit toward service of sentence for satisfactory behavior.**--
>
> **(1)** . . . [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree.

(Footnote omitted.)  No statute permits a district court to calculate or award good time credit.

While a district court may not calculate or award good time credit, it may review such calculations and awards by the BOP.  A federal prisoner who seeks to attack the BOP's computation of his sentencing credit may do so pursuant to § 2241.  *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).  In reviewing the BOP's computations, however, a district court must give deference to any computation based

on a permissible interpretation of the relevant statute:

> If . . . Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843 (1984); *see also Reno v. Koray*, 515 U.S. 50, 60 (1995).

In the instant case, the district court sentenced Nittolo to 151 months' imprisonment. After estimating time served and good time credit, the court opined that Nittolo had 103 months still to serve. As the court was without jurisdiction to calculate or award credit for prior custody or good time served, that portion of the court's opinion estimating the time to be deducted from Nittolo's 151 month sentence was a legal nullity.

Nittolo does not argue that the BOP erred in calculating the number of days of prior custody that should be deducted from his sentence. Nor does he argue that the BOP erred in determining the amount of good time credit to which Nittolo might be entitled in serving his sentence. Rather, Nittolo bases his entire argument on the sentencing court's statement that Nittolo had 103 months to serve from the date of his sentencing. As this statement was a legal nullity, it cannot support Nittolo's argument. Nittolo's argument is, therefore, without merit.

The BOP's calculation regarding Nittolo's projected release date, on the other hand, accords completely with the requirements of §§ 3585(b) and 3624(b). Nittolo was arrested on October 20, 2000, and he was in continuous custody until his sentencing.

Although he was sentenced on December 13, 2002, his custody from October 20, 2000 requires that (1) the period between October 20, 2000 and December 13, 2002 should be deducted from his sentence and (2) the period in custody prior to sentencing counts toward good time credit. In effect, then, the running of Nittolo's sentence and good time credit earned may be computed seamlessly from October 20, 2000. This is what the BOP has done. *See* Sentence Monitoring: Good Time Data (as of 02-20-2009), appended to Petition. Nittolo's sentence of 151 months amounts to a sentence of 12 years and seven months. For each of the first ten years, the BOP credited to Nittolo's term of imprisonment or projected that he would earn 54 days of good time credit, as permitted by § 3624(b). This reduced his term of imprisonment by 540 days. The remaining term of service, after deducting 10 years served and 540 days of good time credit, was less than a year. The BOP pro rated the good time credits which might be earned on the remaining term of service and calculated that Nittolo could earn another 52 days of good time credit. This, also, is permitted by § 3624(b). Taking this additional good time credit into account, the BOP projected Nittolo's release date as being October 5, 2011.

The calculations of the BOP accord with the requirements of §§ 3585(b) and 3624(b).[2] They are, therefore, a permissible construction of those statutes. For this

---

[2] Respondent attaches to his response the Declaration of Mary B. Singleton ("Singleton"), a Supervisory Inmate Systems Specialist. Declaration of Singleton, Opposition, attachment 2. On the basis of Nittolo's Pre-Sentence Report, his Judgment and Commitment Order, and other evidence in the record, Singleton has determined that (1) the sentencing court sentenced Nittolo to 151 months' imprisonment; (2) Nittolo was arrested on October 20, 2000 and remained in custody until his sentencing; (3) the court sentenced Nittolo on December 13, 2002; (4) Nittolo is entitled to 784 days of prior custody credit against his sentence; and (5) if Nittolo receives all good conduct time available to

reason, this court may not substitute its opinion for that of the BOP regarding the projected date of Nittolo's release.

IV.

For the reasons given above, Nittolo's contention that the BOP erred in calculating his projected release date is without merit. Nittolo's petition for habeas relief, therefore, should be denied.

Date: February 16, 2011　　　　　　　　　　s/ *Nancy A. Vecchiarelli*
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**

---

him, his projected release date is October 5, 2011. Singleton opines that this is consistent with Nittolo's current sentencing computation.

-9-