UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
MICHAEL NITTOLO,                                :
                                                :       CASE NO. 4:09-CV-2666
           Petitioner,                          :
                                                :
       v.                                       :       OPINION & ORDER
                                                :       [Resolving Doc. No. 1]
RODDIE RUSHING, Warden,                         :
                                                :
           Respondent.                          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Michael Nittolo petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2241. [Doc. 1.] Petitioner Nittolo challenges his 151-month sentence for conspiracy to distribute cocaine. [Doc. 1-1.] Nittolo says that after imposing 151 months' imprisonment, the sentencing court deducted time served and good time credit. The resulting sentence, Nittolo says should have been 103 months' imprisonment from the date of his sentencing. Nittolo contends that because his projected release date, as calculated by the Bureau of Prisons, is more than 103 months from the date of sentencing, the Bureau's calculation violates the sentencing court's judgment and commitment orders. [Doc. 1-1.] The government responds that the sentencing court miscalculated Nittolo's time served and good time credit, and that ultimate authority rests with the Bureau of Prisons to determine Nittolo's projected release date from his base sentence of 151 months. [Doc. 21.]

This Court referred the case to Magistrate Judge Nancy Vecchiarelli under Local Rule 72.2. On February 16, 2011, Magistrate Judge Vecchiarelli issued a Report and Recommendation

Case No. 4:09-CV-2666
Gwin, J.

recommending that this Court deny Nittolo's petition. [Doc. 22.] Magistrate Judge Vecchiarelli concluded that under *United States v. Wilson*, 503 U.S. 329 (1992), sole authority to award credit for prior custody rests with the Attorney General, through the Bureau of Prisons. *Id.* at 335; *see also United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010). She also found that the exclusive authority to award good time credit rests with the Bureau of Prisons, not with the sentencing court. 18 U.S.C. § 3624. Accordingly, Magistrate Judge Vecchiarelli noted that the sentencing court was without jurisdiction to calculate or award time served or good time credit. [Doc. 22 at 7.] Finally, the Magistrate Judge noted—upon review of the Bureau of Prisons' time served and good time credit calculations under 18 U.S.C. §§ 3585 and 3624—that the Bureau had properly calculated the projected date of Nittolo's release. [Doc. 22 at 8.]

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). Parties must file any objections to a Report and Recommendation within fourteen days of service. *Id.* Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the Magistrate's report without review. *See Thomas*, 474 U.S. at 149.

In this case, neither either party has objected to the Magistrate Judge's Report and Recommendation. Moreover, having conducted its own review of the parties' briefs on the issue, the Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Vecchiarelli's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES**

Case No. 4:09-CV-2666
Gwin, J.

Nittolo's petition for habeas corpus. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: March 17, 2011　　　　　　　　　　　s/ *James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE